UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
BRYAN FORAKER,                                  :
                                                :    CASE NO.: 1:07-CV-3636
                Plaintiff,                      :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. No. 33]
LVNV FUNDING, LLC, ET AL.,                      :
                                                :
                Defendants.                     :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent") have filed a motion to stay discovery in this case pending the Court's ruling on their motion for summary judgment. [Doc. 33.] Plaintiff Bryan Foraker ("Foraker") opposes the motion. [Doc. 40.] For the following reasons, this Court **DENIES** the Defendants' motion to stay discovery.

**I. Background**

On November 21, 2007, the Defendants removed this case from the Cuyahoga County Court of Common Pleas. [Doc. 1.] In his complaint, Plaintiff Foraker alleges that the Defendants committed numerous violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by maintaining and filing lawsuits against the Plaintiff, and other debtors similarly situated, without the legal capacity to do so; by wrongly demanding payment for costs and interest in those cases; by inaccurately reporting credit information as to these lawsuits; and by engaging in a pattern or practice of filing wrongful lawsuits with inadequate investigation and falsified documentation. [Doc. 1-1.] The Plaintiff also raises several state law claims against the Defendants

-1-

Case No. 1:07-CV-3636
Gwin, J.

on these same grounds, including claims for fraud, malicious civil prosecution, abuse of process, defamation, and violations of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, *et seq. Id.*

On January 14, 2008, this Court held a case management conference at which it set a case management scheduling order. [Doc. 19.] The Court ordered that the deadline for conducting discovery necessary to support or defend dispositive motions is May 12, 2008. The Court set the deadline for the filing of dispositive motions on May 19, 2008. The Court also ordered that all discovery is to be completed by July 28, 2008, with trial in the case set to begin on August 18, 2008. *Id.*

On March 4, 2008, the Defendants filed a joint motion for summary judgment. [Doc. 30.] In their motion, the Defendants argue that the Uniform Commercial Code prohibits the Plaintiff from claiming that Defendant LVNV lacks legal capacity to bring suit and that Defendant LVNV was not required to register as a foreign entity in the state of Ohio because it does not transact business in the state. *Id.* The Defendants also say that they abided by all relevant federal and state laws in their attempt to collect the Plaintiff's debt. *Id.* The Defendants attached several exhibits to support their motion for summary judgment, including affidavits of the Defendants' company representatives. As set forth in the Court's case management scheduling order, the Plaintiff must respond to this summary judgment motion by June 2, 2008. [Doc. 19.]

On March 5, 2008, the Defendants filed a joint motion to stay discovery pending resolution of their motion for summary judgment. [Docs. 33, 34.] The Defendants assert that the Plaintiff wants to engage in extensive discovery that would be rendered unnecessary should the Court rule in the Defendants' favor on the dispositive motion. The Defendants say that the issues presented

Case No. 1:07-CV-3636
Gwin, J.

in the motion for summary judgment consist largely of questions of law, not fact, and thus are ripe for judicial review without the need for further discovery.

On March 6, 2008, Plaintiff Foraker opposed the Defendants' motion to stay discovery. [Doc. 40.] The Plaintiff argues that the Defendants' summary judgment motion is premised on numerous factual assertions and that the Plaintiff is entitled to sufficient time to conduct discovery with respect to these issues in order to properly respond to the Defendants' motion for summary judgment.

## II. Discussion

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. Fed R. Civ. P. 26(b)(1). Rule 26(b)(1) of the Federal Rules of Civil Procedure explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Sixth Circuit has noted that a "discovery request is generally unobjectionable 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Marshall v. Bramer,* 828 F.2d 355, 358 (6th Cir. 1987)(quoting Fed. R. Civ. P. 26(b)(1)). Rule 26 is to be liberally construed to permit broad discovery. *See U.S. v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir. 1976).

Summary judgment is not appropriate until there has been "adequate time for discovery" in a case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The Sixth Circuit has stated that "[m]indful of the burden on the nonmoving party to produce evidence showing the existence of a genuine issue of material fact, summary judgment should not be granted unless the nonmoving party has had the opportunity to discover information essential to opposition." *Elvis Presley Enterprises,*

Case No. 1:07-CV-3636
Gwin, J.

*Inc. v. Elvisly Yours, Inc.,* 936 F.2d 889, 893 (6th Cir. 1991). The opportunity for discovery before the judicial resolution of a summary judgment motion is "not without limits," and the court in its discretion must balance "the needs and rights of both plaintiff and defendant." *Id.* It is improper for a district court to grant summary judgment "if the non-movant is given an insufficient opportunity for discovery." *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (citing *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir.1994)).

In this case, the Defendants have filed a motion for summary judgment and seek to prevent the Plaintiff from conducting any further discovery in order to oppose the motion. The Defendants claim that their summary judgment motion is comprised of legal arguments and does not rely on facts that the Plaintiff would be entitled to discover. This Court disagrees. The Court notes at the outset that, pursuant to its case management scheduling order, the deadline for conducting dispositive motion discovery in the case is not until May 12, 2008 and the final discovery deadline does not occur until July 28, 2008. [Doc. 19.] Further, the Plaintiff has indicated to the Court that the Defendants have not been fully cooperative in providing discovery thus far in the case. The Plaintiff first filed his discovery requests on October 22, 2007 in state court and, as of March 5, 2008, the Defendants had still not fully responded to the requests. The Plaintiff has filed a pending motion to compel discovery and the Magistrate Judge has ordered the Defendants to produce debt collection effort documentation and all emails containing the Plaintiff's name. [Docs. 20, 24.]

In filing their motion for summary judgment, the Defendants attached numerous evidentiary documents, ranging from affidavits to letters to corporate registration applications. The Defendants included affidavits from several company employees and representatives whose identities were not previously revealed to the Plaintiff as part of their initial disclosures. The Court finds that the

Case No. 1:07-CV-3636
Gwin, J.

Defendants' arguments in support of their motion for summary judgment are premised upon factual allegations or assertions and the Plaintiff deserves to have a full opportunity to conduct discovery on these matters. For example, the Defendants repeatedly assert that Defendant LVNV does not transact business in the state of Ohio and therefore was not required to register as a foreign entity prior to initiating lawsuits against debtors in the state. Plaintiff Foraker certainly deserves a chance to investigate the Defendants' assertion that LVNV does not do business in Ohio. The Plaintiff would be at a tremendous disadvantage in responding to the Defendants' summary judgment, or filing his own dispositive motion, without the opportunity for additional discovery on this point.

Moreover, numerous questions remain pending as to the Plaintiff's federal and state law claims challenging the Defendants' debt collection efforts and procedures. What contractual agreements exist between the Defendants and the debtors? What types of investigation do the Defendants typically undertake prior to filing lawsuits against debtors? Do the Defendants verify the documentation that they submit to courts in support of their debt collection efforts? What is the relationship between Defendant LVNV and its agents? These questions, among others, are essential to this Court's resolution of the FDCPA, OCSPA, and tort law claims. Plaintiff Foraker must have a fair opportunity to conduct discovery on these factual issues in order to adequately respond to the Defendants' motion for summary judgment.

In sum, the Court finds that the Defendants' motion for summary judgment raises numerous issues of fact upon which the Plaintiff is entitled to conduct discovery under Rule 26 of the Federal Rules of Civil Procedure. The Court understands the Defendants' concern that the discovery process in this case could be burdensome and time-consuming. The Court concludes, however, that the needs and rights of the Plaintiff in obtaining discoverable information in order to oppose the

Case No. 1:07-CV-3636
Gwin, J.

Defendants' summary judgment motion far exceed the potential costs and hardships imposed upon the Defendants by the continuation of discovery in this case.

### III. Conclusion

For the reasons stated above, this Court **DENIES** the Defendants' motion to stay discovery.

IT IS SO ORDERED.


Dated: March 12, 2008					s/        *James S. Gwin*
							JAMES S. GWIN
							UNITED STATES DISTRICT JUDGE