UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                          :
BRYAN FORAKER,                                            :
                                                          :   CASE NO.: 1:07-CV-3636
                    Plaintiff,                            :
                                                          :
vs.                                                       :   OPINION & ORDER
                                                          :   [Resolving Doc. No. 39]
LVNV FUNDING, LLC, ET AL.,                                :
                                                          :
                    Defendants.                           :
                                                          :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 6, 2008, Plaintiff Bryan Foraker ("Foraker") and Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent") filed a proposed joint protective order in this case. [Doc. 39.] The proposed protective order seeks to designate as confidential any "trade secrets, confidential research, training and development, technology, financial information or other proprietary information belonging to Defendants and/or personal income, credit and other confidential information of Plaintiff." *Id.* at 1-2. The proposed agreement also purports to limit the use of such information solely to this litigation and the access to such allegedly confidential information to the attorneys, parties, witnesses, and the Court. *Id.* at 3-4

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). However, a trial court is vested with the authority to limit pretrial discovery and upon a showing of good cause may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." FED. R. CIV. P. 26(c). The decision to grant a motion for a protective order is within

-1-

Case No. 1:07-CV-3636
Gwin, J.

the sound discretion of a trial court. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

When deciding whether to grant a protective order, the court must remain cognizant that public access to court documents is a fundamental feature of the American judicial system. *See Procter & Gamble Co.*, 78 F.3d at 227; *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See*, *e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

In *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001), the court observed that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm." *Id.* This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

This Court is a public forum, not a private dispute resolution service. Despite this, the parties have asked the Court for blanket authority to designate documents as "confidential" and to file them under seal. The parties, however, do not sufficiently demonstrate that this case warrants such a broad order. The Plaintiff and Defendants have failed to show that serious financial or personal harm will result from the public disclosure of the information. After reviewing the underlying claims and facts of this case, the Court believes that the documents filed in this case are not likely to contain privileged or confidential information.

Of course, the parties are free to enter into a private contractual confidentiality agreement

-2-

Case No. 1:07-CV-3636
Gwin, J.

with respect to disclosure of documents and information. Nor does this Court intend to prevent any of the parties from moving to seal an individual document in the file, provided that they make the required particularized showing. At the present time, however, the parties have not sufficiently shown the need for a protective order to be entered in this case.

Accordingly, this Court **DENIES** the parties' joint proposed protective order.

IT IS SO ORDERED.


Dated: March 13, 2008           s/ *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE